UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-21229-GRAHAM/McALILEY

LAURA KEITH,

    Plaintiff,

v.

UNIVERSITY OF MIAMI, a Florida not-for-profit corporation, and MEGAN WALSH, an individual,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS
## SECOND AMENDED COMPLAINT WITH PREJUDICE

Defendants, University of Miami ("University") and Megan Walsh ("Walsh"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move to dismiss the Second Amended Complaint (D.E. 52) filed by Plaintiff, Laura Keith, for failure to state a claim. For nearly one year, Plaintiff has attempted to state claims against her former employer (the University) and former supervisor (Walsh) arising out of the termination of her employment. Despite multiple opportunities to amend and express guidance from the Court on how to proceed, Plaintiff still has not stated a plausible claim against Defendants. At this juncture, it is clear that Plaintiff cannot state any claim upon which relief can be granted. Accordingly, Defendants respectfully request that this case be dismissed with prejudice.

### INTRODUCTION

**I.    Procedural History**

In this lawsuit, Plaintiff alleges that the University and Walsh discriminated and retaliated against her when they terminated her employment as a music teacher. On February 12, 2019,

Plaintiff commenced this action by filing her Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. (D.E. 1-2.) Therein, Plaintiff alleged six claims: (1) Retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215; (2) Retaliation under the FLSA, 29 U.S.C. § 218c(a); (3) Discrimination under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621; (4) Retaliation under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621; (5) Age Discrimination under the Florida Civil Rights Act, Fla. Stat. § 760.10; and (6) Retaliation under the Florida Civil Rights Act, Fla. Stat. § 760.10. (*Id*.) On April 1, 2019, Defendants timely removed this case to federal court. (D.E. 1.)

On April 8, 2019, Defendants moved to dismiss the Complaint for failure to state a claim. (D.E. 4.) Therein, Defendants argued that the Complaint was an impermissible shotgun pleading, as each Count incorporated by reference all prior allegations and Counts and, as a result, each Count contained irrelevant and extraneous allegations. (*Id*.) Defendants also argued that each Count failed to state a claim, as Plaintiff failed to allege the requisite elements of any claim and failed to plausibly state any claim. (*Id*.)

Following full briefing (D.E. 6, D.E. 7), on June 25, 2019, the Court[1] entered an Order granting Defendants' motion.

> ***After careful consideration, Defendants' motion to dismiss is granted with leave to Plaintiff to file an amended complaint. Although the Complaint is not incomprehensible, the Court agrees with Defendants that the Complaint is an impermissible shotgun pleading. Additionally, since it appears to be undisputed that teachers are exempt from the FLSA, Plaintiff has failed to allege facts that would make her FLSA claims plausible, including facts from which the Court could conclude that her assertion of rights under the FLSA was objectively reasonable and facts which, if taken as true, would establish causation.*** Similarly, Plaintiff has

---

[1] At that time, the Honorable Ursula Ungaro presided over this case.

> failed to plead plausible claims of age discrimination under both federal and Florida law because she has failed to plead facts which, if taken as true, would establish that she was not hired for a particular position, that a substantially younger person filled the position and that she was qualified for such position. [A]dditionally, Plaintiff has failed to allege any protected activity associated with age discrimination that would make her age discrimination retaliation claims plausible. ***Plaintiff must file an amended complaint curing these deficiencies within 20 days hereof.***

(D.E. 13) (emphasis added). Thus, the Court expressly advised Plaintiff of the deficiencies in her original Complaint and ordered that those deficiencies be cured in an Amended Complaint. (*Id.*)

On July 14, 2019, Plaintiff filed her Amended Complaint. (D.E. 19.) The only significant difference between the original Complaint and the Amended Complaint was that Plaintiff chose not to pursue her age discrimination/retaliation claims under the Age Discrimination and Employment Act and the Florida Civil Rights Act. (*Compare* D.E. 1-2 *with* D.E. 19.) Otherwise, the allegations in the two pleadings were virtually identical. (*See id.*)

Accordingly, on July 24, 2019, Defendants timely moved to dismiss the Amended Complaint, reasserting the arguments set forth in their original Motion to Dismiss that the Court adopted in its Order granting same. (D.E. 22.) That same day, Defendants also moved to stay discovery pending the Court's ruling on Defendants' new Motion to Dismiss, arguing that it would be prejudicial to proceed with the time and expense of discovery given Plaintiff's continued failure to state any claim. (D.E. 23.) The Court[2] ordered expedited briefing on the Motion to Stay and granted the requested stay. (D.E. 25, D.E. 28.)

Meanwhile, briefing closed on Defendants' new Motion to Dismiss. (D.E. 27, D.E. 30.) Approximately one week later, Plaintiff ostensibly conceded the merits of Defendants' Motion and belatedly filed a "Motion to Modify Scheduling Order and Motion for Leave to File a Second

---

[2] At that time, the case had been reassigned to the Honorable Rodney Smith. (D.E. 15.)

Amended Complaint." (D.E. 31.) By that Motion, Plaintiff sought leave - - nearly one month *after* the Court-ordered amendment deadline (D.E. 17) - - to try to correct, for a third time, the deficiencies in her claims. (*Id*.) Following full briefing (D.E. 32, D.E. 33), on November 18, 2019, the Court[3] granted Plaintiff's Motion and permitted her to file a Second Amended Complaint. (D.E. 47.) As a result, the Court denied as moot Defendant's Motion to Dismiss Amended Complaint. (*Id*.) On November 20, 2019, Plaintiff filed her Second Amended Complaint. (D.E. 52.)

## II.  Allegations of Second Amended Complaint (D.E. 52)[4]

Plaintiff alleges that she formerly was employed by the University within its Frost School of Music as an "Adjunct Faculty Member." (D.E. 52 ¶ 5.) In that role, she "taught classes" and "spent [time] preparing for her classes" or performing "administrative duties." (*Id*. ¶¶ 11, 21.) Plaintiff alleges that she "worked an average of 42 hours a week" but was "classified as a part time employee who was paid by the hour." (*Id*. ¶¶ 10-11.)

Plaintiff alleges that, "over the years," she repeatedly asked Walsh to be promoted to a full-time position so that she could enroll in the University's health-insurance program and be paid a salary (rather than on an hourly basis). (*Id*. ¶¶ 14.) Plaintiff does not allege how the University responded to those requests.[5]

---

[3]   At this time, the case had been reassigned to the Honorable Donald Graham. (D.E. 44, D.E. 46.)

[4]   At the outset, it bears noting that Plaintiff's Second Amended Complaint completely omits and/or alters certain allegations from her original Complaint (D.E. 1) and First Amended Complaint (D.E. 19). Plaintiff's attempt to mislead the Court and plead artfully does not change the fact that her claims properly should be dismissed.

[5]   By contrast, in her original Complaint and First Amended Complaint, Plaintiff alleges that she was advised that "every time she asked," she was advised that "there were insufficient funds available to offer her a full-time position." (D.E. 1-2 ¶ 19, D.E. 19 ¶ 18.)

Plaintiff alleges that, in late January 2018, she contacted Grissette Luzzi (Human Resources Representative at the Frost School of Music) regarding her eligibility for healthcare benefits and overtime compensation. (*Id*. ¶¶ 15-17.) A meeting among Ms. Luzzi, Walsh and Plaintiff was scheduled for February 8, 2018. (*Id*. ¶ 18.) At that meeting, Plaintiff was provided a "print out from the United States Department of Labor," which showed that, as a teacher, she was "considered to be an exempt employee" under the FLSA and was "not covered by the minimum wage and overtime provisions of the FLSA." (*Id*. ¶ 22.) Plaintiff further was advised that, because she spent fewer than 30 "contact hours" per week with students, she "could not qualify" for health-insurance coverage. (*Id*. ¶ 23.) Plaintiff alleges that this statement was "demonstrably false." (*Id*. ¶¶ 24-25.)

Plaintiff alleges in conclusory fashion that, on March 6, 2018, she was terminated "for a patently pretextual reason." (*Id*. ¶¶ 5, 26.) Plaintiff further alleges that she was "allegedly fired for correcting one of her students who had been rude and disrespectful to her in class." (*Id*. ¶ 27.) This characterization - - which intentionally omits many pertinent allegations from her earlier pleadings - - only serves to mislead the Court.

In her original Complaint, Plaintiff provided extensive factual allegations regarding the circumstances surrounding her termination. (D.E. 1-2.) Those allegations were summarized in Defendant's original Motion to Dismiss:

> Plaintiff alleges that, on February 19, 2018, an incident occurred with one of her six-year-old students, who was the daughter of one of the University's Deans. (D.E. 1-2 ¶ 29-30.) Plaintiff describes her as a "difficult student," who allegedly made "several very hurtful personal observations about the Plaintiff." (*Id*.) Plaintiff reported the incident to Walsh, who advised Plaintiff to speak with the child's parents. (*Id*.) Plaintiff alleges that she spoke with both parents, who apologized and reprimanded their daughter. (*Id*. ¶ 31-32.) During Plaintiff's next class with the student, the student allegedly "proceeded to reprimand" Plaintiff for having "upset her mother,

5

> making her cry and being terrible to her" and demanded an apology for her mother. (*Id*. ¶ 33.) Twenty minutes later, the mother "burst in the room crying," announced that she and her daughter were leaving and "accuse[d] the Plaintiff of 'hurting'" her daughter. (*Id*.)
>
> On March 1, 2018, Walsh called Plaintiff to advise that she was "not permitted" on campus that afternoon to teach. (*Id*. ¶ 36.) Walsh further advised that the child's mother had filed an incident report with Human Resources regarding Plaintiff's interactions with the child. (*Id*.) On March 6, 2018, Plaintiff met with Walsh and Ms. Luzzi, who provided Plaintiff written notice that she was being terminated for her "unprofessional conduct" with the student and mother, which the termination letter described as "disruptive, threatening, intimidating, coercive, demeaning, disrespectful or abusive." (*Id*. ¶ 38.) Plaintiff appealed her termination internally, and the termination decision was upheld. (*Id*. ¶ 39.)

(D.E. 4.) Plaintiff repeated those allegations in her First Amended Complaint (D.E. 19), which Defendants again summarized in their second Motion to Dismiss:

> Plaintiff alleges that, on February 19, 2018, an incident occurred with one of her six-year-old students, who was the daughter of one of the University's Deans. (D.E. 19 ¶ 28-29.) Plaintiff describes her as a "difficult student," who allegedly made "several very hurtful personal observations about the Plaintiff." (*Id*.) Plaintiff reported the incident to Walsh, who advised Plaintiff to speak with the child's parents. (*Id*.) Plaintiff alleges that she spoke with both parents, who apologized and reprimanded their daughter. (*Id*. ¶ 30-31.) During Plaintiff's next class with the student, the six-year old allegedly "proceeded to reprimand" Plaintiff for having "upset her mother, making her cry and being terrible to her" and demanded an apology for her mother. (*Id*. ¶ 32.) Twenty minutes later, the mother "burst in the room crying," announced that she and her daughter were leaving and "accuse[d] the Plaintiff of 'hurting'" her daughter. (*Id*.)
>
> On March 1, 2018, Walsh called Plaintiff to advise that the child's mother had filed an incident report with Human Resources regarding Plaintiff's interactions with the child. (*Id*. ¶ 35.) Walsh further advised that Plaintiff was not permitted on campus that afternoon to teach. (*Id*.) On March 6, 2018, Plaintiff met with Walsh and Ms. Luzzi, who provided Plaintiff written notice that she was being terminated because of her unprofessional conduct with the student and mother, which the termination letter described as "disruptive, threatening, intimidating, coercive, demeaning, disrespectful or abusive." (*Id*. ¶ 37.) Plaintiff appealed her

6

>
> termination internally, and the termination decision was upheld. (*Id*. ¶ 38.)

(D.E. 22.)[6]

Based on the allegations of her Second Amended Complaint, Plaintiff attempts to assert two claims against Defendants under two provisions of the FLSA: (1) Retaliation under 29 U.S.C. § 215(a)(3), alleging that Defendants violated the FLSA by terminating her employment in retaliation for her complaints about entitlement to overtime compensation (D.E. 52 ¶¶ 28-36); and (2) Retaliation under 29 U.S.C. § 218c(a), alleging that Defendants violated the FLSA by terminating her employment in retaliation for her complaints about entitlement to health insurance (D.E. 52 ¶¶ 37-48).

## ARGUMENT

The Second Amended Complaint continues to suffer from numerous deficiencies that plagued her original Complaint and First Amended Complaint. Plaintiff still has not plausibly alleged any claim under the FLSA. As the Court previously noted, Plaintiff was a teacher and exempt from FLSA coverage; therefore, she cannot state a claim under the statute. Further, Plaintiff still has not properly alleged but-for causation, as required to state a claim. In fact, given Plaintiff's allegations, it is clear that Plaintiff was terminated, not because of retaliation, but because of her unprofessional conduct. Finally, the statute on which Count II is based (29 U.S.C. § 218c(a)) recently was declared unconstitutional; as such, it cannot form the basis of her claim.

---

[6] It is troubling that, in a misguided attempt to salvage her case, Plaintiff has chosen this tactic in violation of her Rule 11 responsibilities. *See Fine v. First Sw. Co.*, No. 205CV239FTM29SPC, 2005 WL 2063832, at *3 (M.D. Fla. Aug. 18, 2005) (noting that "Rule 11 allows imposition of sanctions against both plaintiff and his counsel" for "artful pleading"). In any event, as the Eleventh Circuit has recognized, a plaintiff "cannot plead himself around reality." *Zucker for BankUnited Fin. Corp. v. U.S. Specialty Ins. Co.*, 856 F.3d 1343, 1351 (11th Cir. 2017). As discussed *infra*, Plaintiff's attempts to plead artfully are of no moment because she still has not stated and cannot state any claim.

Given these continuing deficiencies, which formed the basis for dismissal of Plaintiff's original Complaint and which existed in her First Amended Complaint, further amendment would be futile. Accordingly, Plaintiff's Second Amended Complaint should be dismissed with prejudice.

## I. LEGAL STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint "must consist of more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Lattimore v. Wells Fargo Bank, N.A.*, 590 Fed. Appx. 912, 913 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). A "'formulaic recitation of the elements of a cause of action will not do.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court must accept the plaintiff's well-pleaded facts as true but need not accept mere legal conclusions. *Brinson v. Welsh*, 709 Fed. Appx. 582, 584 (11th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).

"Plausibility is the key, as the 'well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010) (quoting *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), in turn quoting *Twombly*, 550 U.S. at 570). "In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief." *Gavilan v. Balans, L.C.*, No. 14-22791-CIV, 2014 WL 6979625, at *1 (S.D. Fla. Dec. 9, 2014) (citing *Iqbal*, 556 U.S. at 678).

## II. PLAINTIFF HAS FAILED TO ALLEGE PLAUSIBLE CLAIMS OF RETALIATION UNDER THE FLSA.

Plaintiff attempts to state two claims for FLSA retaliation. Count I (brought under 29 U.S.C. § 215(a)(3)) is premised on Plaintiff's alleged complaints about entitlement to overtime

8

wages. Count II (brought under 29 U.S.C. § 218c) is premised on Plaintiff's alleged complaints about entitlement to health-insurance benefits. (*Id.*) Both Counts continue to fail to state a claim.

It is well-established that FLSA retaliation claims are analyzed using the same framework applicable to Title VII retaliation claims. *See, e.g.*, *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (applying Title VII retaliation standard to FLSA retaliation claim); *Mann v. Falk*, No. 2:11-CV-14432-KMM, 2012 WL 4896726, at *6 (S.D. Fla. Oct. 15, 2012) ("The Eleventh Circuit has utilized the burden-shifting framework under Title VII of the Civil Rights Act to analyze retaliation claims under the FLSA.") (citations omitted).

Post-*Iqbal*, a complaint must allege a *prima facie* case of retaliation to survive a motion to dismiss. *Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 Fed. Appx. 563, 566 (11th Cir. 2010). "To state a retaliation claim . . . a plaintiff must allege that: "(1) he engaged in statutorily protected expression; (2) he suffered a materially adverse employment action; and (3) his employer's retaliatory motive was the 'but for' cause of the adverse employment action." *Pedrioli v. Barry Univ., Inc*., No. 617CV577ORL40GJK, 2018 WL 2215464, at *4 n.1 (M.D. Fla. May 15, 2018) (quoting *Jean Pierre v. Park Hotels & Resort, Inc.*, No. 17–cv–21955, 2017 WL 4408972, at *3 (S.D. Fla. Oct. 4, 2017)). Here, Plaintiff has not alleged (and cannot allege) either the first or third elements of her *prima facie* case.

      A.      **Plaintiff's Overtime Complaints were not Objectively Reasonable.**

The first element of a *prima facie* case requires that the employee "have a good faith, objectively reasonable belief that his activity is protected by the statute." *Dominguez v. Circle K Stores, Inc.*, No. 11-23196-CIV, 2012 WL 13013079, at *5 (S.D. Fla. Aug. 7, 2012) (quoting *Standard v. A.B.E.L. Servs. Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998)); *See also Perez v. Brands Mart Serv. Corp.*, No. 10-61203-CIV, 2011 WL 3236022, at *10 (S.D. Fla. July 28, 2011) (holding

that a FLSA retaliation claim requires that "the employee has an objectively reasonable, good faith belief that the employer's conduct is unlawful"). Thus, a "complaint [to an employer] will only trigger FLSA protection if the employee lodges his complaint i) in good faith and ii) with an objectively reasonable belief that the employer's conduct is unlawful." *Barquin v. Monty's Sunset, L.L.C.*, 975 F. Supp. 2d 1309, 1314 (S.D. Fla. 2013) (collecting cases); *Kaplan v. Burrows*, 6:10-CV-95-ORL-35DAB, 2011 WL 13298585, at *5 (M.D. Fla. Mar. 8, 2011) (requiring plaintiff to establish that her complaint was "objectively reasonable in order to qualify as protected activity in the context of the FLSA").

"The objective reasonableness of a plaintiff's belief that an employer's action is unlawful is 'measured against existing substantive law.'" *Garcia v. Nachon Enters., Inc.*, 223 F. Supp. 3d 1257, 1270–71 (S.D. Fla. 2016) (quoting *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999)). "'It is presumed that the employee has substantive knowledge of the law' when applying the objective test." *Perez v. Brands Mart Serv. Corp.*, No. 10-61203-CIV, 2011 WL 3236022, at *10–11 (S.D. Fla. July 28, 2011) (quoting *Padilla v. N. Broward Hosp. Dist.*, 270 Fed. Appx. 966, 966 (11th Cir. 2008)). That is the case because, if "plaintiffs are free to disclaim knowledge of the substantive law, the reasonableness inquiry becomes no more than speculation regarding their subjective knowledge." *Id.* (quoting *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1388 n.2 (11th Cir. 1998)).

"In applying this 'objective reasonableness' test, the Eleventh Circuit has held that, where courts have concluded that an employer's conduct is lawful, a plaintiff's belief that his employer engaged in an unlawful employment practice was not 'objectively reasonable,' and the plaintiff's complaints therefore did not qualify as 'protected activity'" to satisfy the first element of a *prima facie* case. *Garcia*, 223 F. Supp. 3d at 1270-71 (quoting *Baker v. Supreme Beverage Co.*, No. 13–

0222, 2014 WL 7146790, at *7 (N.D. Ala. Dec. 15, 2014), in turn citing *Harper*, 139 F.3d at 1388). *See also Perez*, 2011 WL 3236022, at *10–11 (holding that the plaintiff "cannot satisfy the objectively reasonable requirement" of a retaliation claim because employer's actions complied with the FLSA).

In this case, Plaintiff's internal "complaints" were not objectively reasonable as a matter of law. As the Court already noted in its prior dismissal Order (D.E. 13), Plaintiff (a teacher) was an exempt employee under FLSA and, therefore, not covered by the statute. FLSA's minimum wage and overtime requirements "shall not apply with respect to . . . any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). That provision expressly includes teachers: "The term 'employee employed in a bona fide professional capacity' in section 13(a)(1) of the Act also means any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed." 29 C.F.R. § 541.303. An "educational establishment" is defined as "an elementary or secondary school system, an institution of higher education or other educational institution," including "special schools for mentally or physically disabled or gifted children, regardless of any classification of such schools as elementary, secondary or higher." 29 C.F.R. § 541.204(b). Courts construing these provisions have concluded that teachers are exempt from FLSA's coverage. *See, e.g.*, *Ramos v. Lee Cty. Sch. Bd.*, No. 2:04CV308FTM-33SPC, 2005 WL 2405832, at *2 (M.D. Fla. Sept. 29, 2005) ("Pursuant to § 213(a)(1), FLSA recognizes teachers as exempt professionals.").[7]

---

[7] To be clear, Plaintiff specifically alleged that she was a "teacher" and an "adjunct faculty member" who also performed "administrative duties." (D.E. 52 ¶¶ 5, 10-11, 22.) Clearly, by her own admission, she falls within the FLSA exemption. It bears noting that nowhere in her Second

11

Plaintiff could not have had an objectively-reasonable belief that Defendants had violated FLSA's minimum-wage or overtime requirements because, as a matter of law, Plaintiff was exempt from FLSA. It is "patently unreasonable" for an employee to believe he is "protected by the FLSA in the payment of his wages" when he falls within the "executive, administrative, or professional capacity" exception to the FLSA. *Kaplan v. Burrows*, No. 6:10-CV-95-ORL-35DAB, 2011 WL 13298585, at *5 (M.D. Fla. Mar. 8, 2011). That fact vitiates any claim of retaliation. *Id*. at *6 ("Because Plaintiff was not a protected individual under the FLSA at the time he lodged his complaint and could not have reasonably believed he was a protected employee and, therefore, engaged in protected activity at that time, the Court finds that Plaintiff has failed to establish a prima facie case for retaliation.").

B.     **Plaintiff has not Properly Pled But-For Causation.**

The third element of a *prima facie* case requires the plaintiff to allege "but-for" causation. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1343 (11th Cir. 2000) (citing *Reich v. Davis*, 50 F.3d 962, 965–66 (11th Cir. 1995)). In other words, the plaintiff must properly allege "that the adverse action would not have been taken 'but for' the assertion of FLSA rights." *Id*. *See also Everett v. Grady Mem'l Hosp. Corp.*, 703 Fed. Appx. 938, 949–50 (11th Cir. 2017) ("In order to satisfy the third element, a causal connection, Ms. Everett must show she would not have suffered an adverse action 'but for her assertion of FLSA rights.'") (quoting *Wolf*, 200 F.3d at 1343).

In her original Complaint, Plaintiff alleged, in conclusory and contradictory fashion, that her alleged complaints were a "motivating factor" in the termination decision as well as the "but

---

Amended Complaint does she allege that her belief that she was covered by FLSA's overtime provisions was objectively reasonably. Of course, any such allegation would be frivolous. It also bears noting that Plaintiff never has attempted to assert a FLSA claim for unpaid overtime wages. Certainly, if the law supported such a claim, Plaintiff would have asserted it.

12

for" cause of the termination decision. (D.E. 1-2 ¶¶ 44-45, 57-58.) As argued by Defendants in their original motion to dismiss, Plaintiff's inconsistent allegations on causation rendered her claim implausible and warranted dismissal. *See Leroy v. Medtronic, Inc.*, No. 3:14CV284/MCR/CJK, 2015 WL 4600880, at *4 (N.D. Fla. July 29, 2015) (rejecting allegations that "are internally inconsistent") (citing 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008)); *Conner v. Harrah's Operating Co., Inc.*, No. 308CV00633BESRAM, 2009 WL 10710348, at *5 (D. Nev. July 7, 2009) (dismissing retaliation claim because the allegations regarding causation were "internally inconsistent"). Defendants also noted that Plaintiff's own allegations rendered her claims implausible, as it was clear from her Complaint that Plaintiff was terminated following her altercations with a minor student and her mother. In granting Defendants' motion, the Court expressly found that Plaintiff had failed to include "facts which, if taken as true, would establish causation." (D.E. 13.)

In her Amended Complaint, Plaintiff failed to allege - - at all - - that her complaints were the but-for cause of her termination. (*See* D.E. 19.) Accordingly, Defendants moved to dismiss on the same bases as before. (D.E. 22, D.E. 30.)

Now, in her Second Amended Complaint, Plaintiff alleges - - in conclusory fashion - - that her complaints were the "but-for" cause of her termination and that she was fired for a "patently pretextual" reason involving her discipline of a minor student. (D.E. 52 ¶¶ 26-27, 33-34, 45-46.) Such conclusory allegations, however, are insufficient under *Iqbal* and *Twombly* to state a claim. *See Butterworth v. Lab. Corp. of Am. Holdings*, 581 Fed. Appx. 813, 817 (11th Cir. 2014) ("conclusory, self-serving statements are insufficient as a matter of law to establish but-for causation"); *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 712-13 (11th Cir. 2014) (affirming dismissal of complaint where plaintiff failed to allege but-for causation, as required under

13

applicable law); *Pinkney v. Maverick Condo. Ass'n, Inc.*, No. 6:11-CV-241-ORL-19, 2011 WL 1699928, at *2 (M.D. Fla. May 5, 2011) (requiring plaintiff to plead but-for causation in order to "sufficiently plead" discrimination claim); *Kinlaw v. Jimmy Hula's UCF, LLC*, No. 617CV1086ORL37TBS, 2017 WL 4877432, at *3 (M.D. Fla. Oct. 30, 2017) (same).

This is not unique to the Eleventh Circuit and cases within it. Courts throughout the country have reasoned similarly. *See, e.g.*, *Granite Partners, L.P. v. Bear, Stearns & Co. Inc.*, 17 F. Supp. 2d 275, 293 (S.D.N.Y. 1998) (stating that "conclusory allegations of the legal status of the defendant's acts need not be accepted as true for the purposes of ruling on a motion to dismiss" and dismissing claim where plaintiff has no "alleged facts showing 'but for' causation"); *Mock v. Cal. Dept. of Corr. & Rehab.*, No. 1:15-CV-01104-MJS, 2015 WL 5604394, at *17 (E.D. Cal. Sept. 23, 2015) (dismissing retaliation claim because Plaintiff's "conclusory allegation that it was in retaliation for Plaintiff's October 2012 EEO Complaint is insufficient to allege but-for causation"). Thus, Plaintiff's conclusory allegations are insufficient to state a claim.

In any event, the only common-sense and plausible conclusion that can be drawn from the Second Amended Complaint (particularly when compared to Plaintiff's own prior pleadings, of which the Court can take judicial notice[8]) is that Plaintiff was terminated for legitimate, non-discriminatory and non-retaliatory reasons. "In assessing the sufficiency of factual content and the plausibility of a claim, courts draw on their 'judicial experience and common sense.'" *Speed Dry, Inc. v. Scottsdale Ins. Co.*, No. 618CV1473ORL37KRS, 2018 WL 8369146, at *1 (M.D. Fla. Oct.

---

[8] "A court may take judicial notice of its own records and the records of inferior courts." *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987). *See also Adams v. Yolen*, No. 3:11-CV-1606 (MPS), 2013 WL 12250380, at *2 (D. Conn. Dec. 5, 2013) ("[j]udicial notice can be taken of prior complaints"); *Maecker v. O'Reilly Media, Inc.*, No. 13-CV-769A SR, 2014 WL 5089558, at *3 (W.D.N.Y. Oct. 9, 2014) (granting motion to dismiss after taking judicial notice of prior complaints); *Pandozy v. Robert J. Gumenick, P.C.*, No. 07 CIV. 1242 (NRB), 2008 WL 2190151, at *2 (S.D.N.Y. May 23, 2008) (same).

22, 2018) (quoting *Iqbal*, 556 U.S. at 679 and *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215–16 (11th Cir. 2012)). Under Eleventh Circuit precedent, a complaint is insufficient "when it suggests that an [adverse employment] action was taken" for a reason unrelated to discrimination or retaliation. *Fulton v. Richardson*, No. 2:18CV623-MHT-GMB, 2019 WL 1245810, at *3 (M.D. Ala. Jan. 31, 2019) (citing *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010)), *R&R adopted*, 2019 WL 1245782 (M.D. Ala. Mar. 18, 2019).

The fact that Plaintiff allegedly voiced her complaints "over the years" (D.E. ¶ 14) but remained employed at the University further undermines Plaintiff's conclusory allegations of unlawful retaliation. Said another way, if the University (or Walsh) had a retaliatory motive, certainly Plaintiff would have been fired at some earlier point "over the years" because of her complaints. Instead, it was only after an incident of misconduct that Plaintiff's employment was terminated. As a matter of Eleventh Circuit law, "[i]ntervening acts of misconduct can break any causal link between the protected conduct and the adverse employment action." *Henderson v. FedEx Express*, 442 Fed. Appx. 502, 506 (11th Cir. 2011). *See also Schoebel v. Am. Integrity Ins. Co. of Fla.*, No. 8:14-CV-426-T-27AEP, 2015 WL 4231670, at *3 (M.D. Fla. July 10, 2015) ("Schoebel's inappropriate emails constitute intervening misconduct which severed any causal connection which might otherwise be inferred from the close temporal proximity of her FMLA leave and termination."); *Halaoui v. Renaissance Hotel Operating Co.*, No. 6:13-CV-1839-ORL-40, 2015 WL 2024417, at *8 (M.D. Fla. Apr. 30, 2015) (an employee's intervening misconduct may "break any causal link between the protected conduct and the adverse employment action).

Further, an "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason."

*Jones v. Bessemer Carraway Med. Ctr.*, 151 F.3d 1321, 1324 (11th Cir. 1998). Simply put, Plaintiff's conclusory allegations are insufficient to state a plausible claim.

### III. COUNT II SHOULD BE DISMISSED BECAUSE IT IS PREMISED ON AN UNCONSTITUTIONAL STATUTE.

In addition to the numerous grounds for dismissal set forth above, Count II also is subject to dismissal because the statute on which it is based (29 U.S.C. § 218c) is unconstitutional. Title 29 U.S.C. § 218c was enacted as part of the Patient Protection and Affordable Care Act (more commonly known as Obamacare). *Hughes v. Scarlett's G.P., Inc.*, 15-CV-5546, 2016 WL 454348, at *8 n.10 (N.D. Ill. Feb. 5, 2016); *Ogugua v. Not-For-Profit Hosp. Corp.*, 217 F. Supp. 3d 76, 78 n.1 (D.D.C. 2016). In December 2018, the "individual mandate" of Obamacare was held to be unconstitutional. *Texas v. United States*, 340 F. Supp. 3d 579, 618 (N.D. Tex. 2018).[9] Because the remaining provisions of Obamacare (including, *inter alia*, 29 U.S.C. § 218c) are "inseverable" from the unconstitutional individual mandate, they similarly were declared "invalid." *Id*. "An unconstitutional law is void, and is as no law." *Ex parte Siebold*, 100 U.S. 371, 376 (1879). Further, an "unconstitutional act is not a law, and can neither confer a right or immunity." *Chicago, I. & L.R. Co. v. Hackett*, 228 U.S. 559, 566 (1913) (citing *Norton v. Shelby Cty.*, 118 U. S. 425, 442 (1886) and *Ex parte Siebold*, 100 U.S. at 376). Because 29 U.S.C. § 218c is unconstitutional, it cannot form the basis of Plaintiff's retaliation claim. Count II, therefore, should be dismissed with prejudice on this basis, as well.[10]

---

[9] In that case, twenty states - - including Florida, Georgia and Alabama - - brought suit to challenge the constitutionality of the individual mandate and the severability of the remaining provisions of Obamacare. *Texas v. United States*, 340 F. Supp. 3d 579, 591 (N.D. Tex. 2018).

[10] Defendants recognize that the district court's ruling has been stayed pending appeal and that the Fifth Circuit Court of Appeals has held oral argument in that case but has not yet issued a decision. Nothing prevents this Court from adopting the district court's analysis in the *Texas* case and similarly concluding that this statute is unconstitutional. In fact, notwithstanding the stay, other

## IV. DISMISSAL WITH PREJUDICE IS APPROPRIATE.

Plaintiff has had three opportunities to state her claims but has failed to do so - - even after the Court advised her of the allegations necessary to state her claims. At this juncture, the Court should not permit further amendment. To that end, the Eleventh Circuit repeatedly has held that a district court may dismiss an action with prejudice where, as here, the plaintiff has had one opportunity to amend. *See, e.g.*, *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. Appx. 925, 930 (11th Cir. 2016) (affirming dismissal of first amended complaint with prejudice after plaintiff was advised of deficiencies in its original complaint but filed a "minimally augmented Amended Complaint" that failed to correct those deficiencies); *Frantz v. Walled*, 513 Fed. Appx. 815, 819 (11th Cir. 2013) (affirming dismissal of amended complaint with prejudice where plaintiff "already received one opportunity to correct his complaint's deficiencies" but failed to do so).

Alternatively, dismissal with prejudice would be appropriate pursuant to Fed. R. Civ. P. 41(b), which authorizes the Court to dismiss an action for failure to obey a Court order. Here, the Court expressly ordered Plaintiff to file an Amended Complaint that cured the deficiencies of her original Complaint. (D.E. 13.) Plaintiff has failed to do so. That failure warrants dismissal under Rule 41(b). *See, e.g.*, *Meduty v. Ga. Dept. of Admin. Servs.*, 614 Fed. Appx. 401, 402 (11th Cir. 2015) (rejecting plaintiff's argument that "the district court abused its discretion when it dismissed his amended complaint for not obeying a previous order to re-plead in compliance with the Federal Rules of Civil Procedure" and affirming dismissal with prejudice); *Jones v. Lockheed Martin Corp.*, 640 Fed. Appx. 848, 849 (11th Cir. 2016) (affirming dismissal with prejudice as a result of

---

district courts have continued to cite the *Texas* decision in ruling on dispositive motions. *See, e.g., Maryland v. United States,* 360 F. Supp. 3d 288, 303 (D. Md. 2019) (dismissing complaint).

plaintiff's "repeated failure to obey a court order requiring him to properly file an amended complaint"); *Fahie v. Countrywide Home Loans, Inc.*, No. 08-23414-CIV, 2008 WL 11410092, at *2 (S.D. Fla. Dec. 17, 2008) ("Failure to file an amended complaint as ordered by Judge Jordan was grounds for dismissal by Judge Jordan.").

## CONCLUSION

Over the last year, Plaintiff has had three opportunities to state a claim against the University and/or Walsh. Her Second Amended Complaint still fails to state any plausible claim. At this juncture, Plaintiff's lawsuit properly should be dismissed with prejudice.

WHEREFORE, Defendants respectfully request that the Court (1) dismiss Plaintiff's Second Amended Complaint with prejudice; (2) award Defendants their attorneys' fees and costs to the fullest extent permitted by applicable law; and (3) grant such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
Eric D. Isicoff
Florida Bar No. 372201
Isicoff@irlaw.com
Teresa Ragatz
Florida Bar No. 545170
Ragatz@irlaw.com
Christopher M. Yannuzzi
Florida Bar No.: 92166
Yannuzzi@irlaw.com

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF this 4th day of December, 2019, upon the following:

ANTHONY V. FALZON P.A.
Anthony V. Falzon
12000 Biscayne Boulevard, Suite 702
Miami, Florida 33181
Tel: (786) 703 4181
Fax: (786) 703 2961
E-mail: tony@anthonyfalzon-law.com

                                             By: /s/ Christopher M. Yannuzzi
                                                      Christopher M. Yannuzzi