

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 19-21229-CIV-GRAHAM

LAURA KEITH,

    Plaintiff,

vs.

UNIVERSITY OF MIAMI, and
MEGAN WALSH,

    Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants' Motion to Dismiss Second Amended Complaint with Prejudice. [D.E. 55]. The Court also considers Plaintiff's Response in opposition to Defendants' motion [D.E. 56] and Defendants' reply to same. [D.E. 62].

**THE COURT** has considered the motion and is otherwise fully advised in the premises. For the reasons stated herein, Defendants' Motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff, Laura Keith brings an action against the Defendants University of Miami ("UM") and Megan Walsh, pursuant to the anti-retaliation provision of the Fair Labor Standards Act of 1938 ("FLSA") contained in 29 U.S.C. § 215(a)(3) as well as pursuant to

the separate anti-retaliation provision of the FLSA as amended by the Patient Protection and Affordable Care Act of 2008 contained in 29 U.S.C. § 218c(a)(2) and (5). [D.E. 52].

According to the Second Amended Complaint, Plaintiff was employed by Defendant UM as an Adjunct Faculty member of the Frost Preparatory Program Faculty at the Frost School of Music until her termination on March 6, 2018. [D.E. 52]. Defendant Walsh was an "employer" as defined in 29 U.S.C. §203(d), as she was directly involved in decisions affecting compensation and hours worked by employees such as the Plaintiff and was the Plaintiff's direct supervisor. *Id.* at ¶ 9.

In addition to being paid a salary, full-time faculty members were entitled to enroll in UM's group health insurance policy which provided coverage for essential medical services as defined by the Affordable Care Act ("ACA"). *Id.* at ¶ 12. Adjunct Faculty members, on the other hand, were not entitled to enroll in UM's ACA policy because the policy was only available to employees classified as full-time employees of UM. *Id.* at ¶ 13.

As an Adjunct Faculty member Plaintiff was classified as a part-time employee who was paid by the hour. [D.E. 52]. Plaintiff alleges that although she worked an average of 42 hours a week, she was only compensated for the 22 hours that she taught classes and was not compensated for the additional 20 hours that she spent preparing for her classes or engaged in administrative duties. *Id.*

2

at ¶ 11. Plaintiff also alleges that she asked Defendant Walsh to promote her to a full-time position in order to allow her to enroll in UM's ACA policy and to be paid a guaranteed salary instead of being paid by the hour. *Id.* at ¶ 14. Plaintiff fails to allege Defendants response to her request. Instead, Plaintiff states that after complaining to Defendant Walsh's supervisor, Frost School of Music's Human Resource Representative, Ms. Luzzi, a meeting of the parties was scheduled for February 8, 2018. *Id.* at ¶¶ 16-18.

At the February 8th meeting, Plaintiff gave Ms. Luzzi a written complaint demanding that her position be requalified as a full-time position. Plaintiff also presented a second document demanding payment for "planning" hours (including overtime hours) she spent preparing for classes and other administrative tasks. *Id.* at ¶ 22. Plaintiff contends that she believed that she was covered by the overtime provisions of the FLSA because she was an hourly employee and not paid a salary like full-time Faculty members. *Id* at 31. In response, Ms. Luzzi informed Plaintiff that as a teacher she was exempt from the FLSA minimum wage and overtime provisions. *Id.* at 22. Ms. Luzzi also explained that because of the number of hours Plaintiff spent in class, she did not qualify for ACA coverage. *Id.* at ¶ 23. Plaintiff was fired from her employment less than one month after complaining to Defendant Walsh and Ms. Luzzi. *Id.* at ¶ 27. Plaintiff alleges that the stated reason for her termination, "correcting a difficult child's misbehavior," was pretextual

3

because she followed her supervisor's instructions in handling the situation. *Id.* at 34.

In her Second Amended Complaint, Plaintiff asserts two claims against Defendants for FLSA Retaliation in violation of 29 U.S.C. § 215 (Count One) and 28. U.S.C. §218(C)(A) (Count Two). Specifically, in Count One Plaintiff alleges that Defendants violated the FLSA by terminating her employment in retaliation for her complaints about entitlement to overtime compensation [D.E. 52 ¶¶ 28-36]. In Count Two Plaintiff contends that Defendants violated the FLSA by terminating her employment in retaliation for her complaints about entitlement to health insurance [D.E. 52 ¶¶ 37-48].

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Second Amended Complaint with prejudice for failure to state a claim upon which relief can be granted. [D.E. 55]. Precisely, Defendants assert that because Plaintiff fails for the third time to allege any claim under the FLSA, amendment is futile and therefore dismissal should be with prejudice. *Id.*

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. (alteration added) (quoting Twombly, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (alteration added) (citing Twombly, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678), abrogated on other grounds by Mohamad v. Palestinian Auth., 578 S. Ct. 1702 (2012). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (per curiam).

### III. ANALYSIS

Under the FLSA, employees working over forty hours per week must be paid overtime at one-and-a-half times their regular rate of

pay. See 29 U.S.C. § 207(a). Also, the FLSA protects persons against retaliation for asserting their rights under the statute. See 29 U.S.C. § 215(a)(3). A prima facie case of FLSA retaliation requires a demonstration by the plaintiff that: (1) she engaged in a statutorily protected activity; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000) (citations omitted). If the employer asserts a legitimate reason for the adverse action, the plaintiff may attempt to show pretext. See *Id*. In demonstrating causation, the plaintiff must prove that the adverse action would not have been taken "but for" the assertion of FLSA rights. See *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000). However, overtime provisions do not apply to employees employed in a bona fide executive, administrative or professional capacity. See 29 U.S.C. § 213(a)(1). Pursuant to § 213(a)(1), the FLSA recognizes teachers as exempt professionals.

In her Second Amended Complaint Plaintiff alleges that at the time she made the complaints she believed that she was covered by the overtime provisions of the FLSA because she was an hourly employee and was not paid a salary. But Plaintiff was employed by Defendants as a teacher exempt from the overtime pay requirements of the FLSA. See 29 C.F.R. § 541.303. Therefore, Plaintiff as an exempt employee was not engaged in a statutorily protected activity

6

and cannot maintain a claim under the FLSA.

Notwithstanding her exempt status, Plaintiff contends that Defendants violated the FLSA's anti-retaliation provision because her reasonable, good faith complaints about her part-time status and inability to enroll in the healthcare program was the basis for her termination. Generally, complaints of legal activity can still be protected if the employee has an objectively reasonable, good faith belief that the employer's conduct is unlawful. This standard requires the employee show that she subjectively, that is in good faith, believed that her employer was violating the law. *Little v. United Techs. Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) (decided under Title VII anti-retaliation provision). The employee's complaint does not constitute protected activity unless the belief is both objectively reasonable and in good faith. *Id.*

Even if Plaintiff did meet the subjective good faith belief that she was entitled by law to more compensation, or promotion to full-time status, Plaintiff cannot meet the second part of the standard, that she had an "objectively reasonable belief" that her "employer was engaged in unlawful practices." *Padilla v. The North Broward Hosp. Dist.*, 270 Fed. Appx. 966 (11th Cir. 2008). The plaintiff's belief must have been "objectively reasonable in light of the facts and the record presented." *Little*, 103 F.3d at 960. "[I]t is presumed that the employee has substantive knowledge of the law" when applying the objective test. *Padilla*, 270 Fed. Appx.

7

at 966; accord *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1388 n. 2 (11th Cir.1998) ("If plaintiffs are free to disclaim knowledge of the substantive law, the reasonableness inquiry becomes no more than speculation regarding their subjective knowledge."). Here, even if Plaintiff did not know of her exempt status at the time of her complaint, it is an undisputed fact. Moreover, she was informed of her exempt status by Ms. Luzzi at the February 8th meeting. Plaintiff's complaints were not objectively reasonable and thus, cannot constitute protected activity.

The Court is cognizant of the Supreme Court's direction that the FLSA is "remedial and humanitarian in purpose," and that it "must not be interpreted ... in a narrow, grudging manner." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597, 64 S. Ct. 698, 703, 88 L. Ed. 949 (1944). "By giving a broad construction to the anti-retaliation provision ... its purpose will be further promoted." *EEOC v. White & Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989). The Court is equally aware of the difference, however, between interpreting the FLSA in a "narrow, grudging manner," and interpreting it in a way that is faithful to the congressional design. *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 939 (11th Cir. 2000). Where Congress has set out a clear scheme to remedy violations of the FLSA, the Court is limited to carrying out the congressional command. *Id.*

"To fall within the scope of the antiretaliation provision, a

complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, ---U.S. ----, 131 S. Ct. 1325, 1329, 179 L. Ed. 2d 379 (2011). The requirement demands reasonable expressions of FLSA violations to ensure that employers have fair notice they could be subject to a later claim of retaliation under the FLSA. *Id.* at 1334. Where, as here, Plaintiff was explicitly exempt and therefore not covered by the FLSA, the court concludes no reasonable employer, given the context and content, could have perceived her complaint as a genuine assertion of rights under the FLSA. With very clear language, Congress exempted Plaintiff from FLSA's protections, so it is difficult to conceive how her complaint could be "under or related to" FLSA such that she raises a cognizable FLSA retaliation claim. 29 U.S.C. § 215(a)(3). Moreover, Plaintiff points to no case, and the Court has not on its own identified any, in which an employee clearly and explicitly exempted from FLSA coverage has successfully raised an FLSA retaliation claim.

Because Plaintiff is explicitly exempt and therefore not covered by the FLSA, Plaintiff's cause of action under the FLSA is futile. See *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be

9

futile."). For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Second Amended Complaint is granted with prejudice.

IV. **CONCLUSION**

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Second Amended Complaint with Prejudice [D.E. 55] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Second Amended Complaint is **DISMISSED** with prejudice. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and any pending motions are **DENIED as moot**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of January, 2020.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record